UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dr. Emilio Meyer,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>GE INFRASTRUCTURE, INC.,<br>GE INFRASTRUCTURE SENSING, INC.<br>GE PANAMETRICS, PANAMETRICS, INC.,<br>and DOES 1 through 20,<br><br>    Defendants. | Civil Action No. 1:05-CV-10681 (NMG) |

**ANSWER AND COUNTERCLAIMS
OF DEFENDANTS GENERAL ELECTRIC COMPANY,
<u>GE INFRASTRUCTURE, INC. AND GE INFRASTRUCTURE SENSING, INC.</u>**

Defendants, General Electric Company ("GE"), GE Infrastructure, Inc. ("Infrastructure") and GE Infrastructure Sensing, Inc. ("Sensing") (collectively, "Defendants"), hereby serve their answer in response to the Complaint filed by plaintiff Dr. Emilio Meyer, and file herewith a Counterclaim seeking reimbursement for unnecessary payments to Dr. Meyer.[1]

**<u>ANSWER</u>**

**THE PARTIES**

    1.    Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1, and therefore deny those allegations.

    2.    Admitted.

    3.    Defendants admit that GE's corporate headquarters is located at 3135 Easton Turnpike, Fairfield, CT 06828-001. Defendants deny the remaining allegations in paragraph 3.

---

[1] Plaintiff has dismissed without prejudice his claims against Defendants GE Panametrics and Panametrics, Inc. Defendants dubbed "DOES 1 through 20" have yet to be identified, or served, in this action.

4.	Admitted.

5.	Admitted.

6.	Defendants admit that Sensing has an address of The Boston Center, 1100 Technology Park Drive, Billerica, MA 01821-4111. Defendants deny the remaining allegations in paragraph 6.

7.	Defendants admit that Sensing is registered to do business and engages in business in Massachusetts. Defendants deny the remaining allegations in paragraph 7.

8.	Plaintiff has dismissed his claims against Panametrics, and thus the allegations in this paragraph are no longer relevant, and no answer or denial is necessary.

9.	See answer to paragraph 8.

10.	See answer to paragraph 8.

11.	See answer to paragraph 8.

## JURISDICTION AND VENUE

12.	Paragraph 12 contains a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 12.

13.	Paragraph 13 contains a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 13.

14.	Denied.

15.	Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15, and therefore deny those allegations.

## FACTS ALLEGED TO BE COMMON TO ALL COUNTS

16.	Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16, and therefore deny those allegations.

17. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17, and therefore deny those allegations. The document attached as Exhibit A to the Complaint speaks for itself.

18. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 18, and therefore deny those allegations.

19. Denied. The document attached as Exhibit A to the Complaint speaks for itself.

20. Denied. The document attached as Exhibit A to the Complaint speaks for itself.

21. Denied. The document attached as Exhibit A to the Complaint speaks for itself.

22. Denied. The document attached as Exhibit A to the Complaint speaks for itself.

23. Denied. The document attached as Exhibit A to the Complaint speaks for itself.

24. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24, and therefore deny those allegations.

25. Denied. The document attached as Exhibit B to the Complaint speaks for itself.

26. Denied. The document attached as Exhibit B to the Complaint speaks for itself.

27. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27, and therefore deny those allegations.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

34. Defendants refer to and incorporate by reference each and every paragraph set forth above.

35. Denied.

36. Denied.

37. Denied.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

38. Defendants refer to and incorporate by reference each and every paragraph set forth above.

39. Paragraph 39 contains a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 39.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## THIRD CAUSE OF ACTION
### (Declaratory Relief)

46. Defendants refer to and incorporate by reference each and every paragraph set forth above.

47. Paragraph 47 contains a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 47.

48. Paragraph 48 contains a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 48.

49. Denied.

50. Denied.

51. Denied.

### FOURTH CAUSE OF ACTION
### (Accounting for Royalties)

52. Defendants refer to and incorporate by reference each and every paragraph set forth above.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. This paragraph appears to be a typographical error, and thus no response to this paragraph is required.

60. Denied.

### FIFTH CAUSE OF ACTION
### (Unfair Business Practices Pursuant to Massachusetts General Laws Chapter 93A)

61. Defendants refer to and incorporate by reference each and every paragraph set forth above.

62. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 62, and therefore deny those allegations.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Paragraph 76 contains a request for relief to which no response is required; to the extent a response is required, Defendants deny the allegations set forth in paragraph 76.

77. Paragraph 77 contains a request for relief to which no response is required; to the extent a response is required, Defendants deny the allegations set forth in paragraph 77.

78. Paragraph 78 contains a request for relief to which no response is required; to the extent a response is required, Defendants deny the allegations set forth in paragraph 78.

79. Paragraph 79 contains a request for relief to which no response is required; to the extent a response is required, Defendants deny the allegations set forth in paragraph 79.

80. Paragraph 80 contains a request for relief to which no response is required; to the extent a response is required, Defendants deny the allegations set forth in paragraph 80.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's claims must fail because the Complaint, in whole or in part, fails to state a claim as to which relief may be granted.

### **Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### **Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

### **Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### **Fifth Affirmative Defense**

Plaintiff's claims must fail because any actions taken by Defendants were taken in good faith, were not unfair or deceptive, and were justified by Defendants' rights to conduct and manage their affairs in a lawful manner.

### **Sixth Affirmative Defense**

Plaintiff's claims must fail because of lack of mutuality of obligation, failure or partial failure of consideration, indefiniteness and/or ambiguity of the terms of the alleged "contract," mistake, and/or illegality.

### **Seventh Affirmative Defense**

Plaintiff's claims in equity must fail because Plaintiff has failed to show that there is no adequate remedy at law for his claims.

### Eighth Affirmative Defense

Plaintiff is not entitled to recovery under M.G.L. Ch. 93A because his claims fall outside the scope of the statute.

### Ninth Affirmative Defense

Plaintiff is not entitled to recovery under M.G.L. Ch. 93A because the transaction at issue was strictly private in nature.

### Tenth Affirmative Defense

Plaintiff is not entitled to recovery under M.G.L. Ch. 93A because the actions alleged arise in the employment context.

### Eleventh Affirmative Defense

Plaintiff is barred from relief as he has neither sustained any injury resulting from actions taken by Defendants nor been adversely affected by such actions.

### Twelfth Affirmative Defense

If Plaintiff has suffered any injury, which Defendants deny, such injury is the result of his own acts or omissions and/or those of third parties for which Defendants are not responsible.

### Thirteenth Affirmative Defense

Plaintiff is barred from relief, in whole or in part, as he has failed to mitigate his damages, if any.

### Fourteenth Affirmative Defense

Plaintiff has failed to state a basis for an award of exemplary and/or punitive damages, and Defendants engaged in no conduct sufficient to support such an award.

Defendants may have additional defenses that they cannot presently articulate due to Plaintiff's failure to particularize his claims. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of certain additional documents, upon discovery of further information concerning the alleged claims, and upon the development of other pertinent information.

Defendants specifically reserve the right to amend this Answer to Plaintiff's claims, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## COUNTERCLAIM

### PARTIES, JURISDICTION AND VENUE

1.  Counterclaim Plaintiff General Electric Company ("GE") is a Delaware corporation, with its corporate headquarters located at 3135 Easton Turnpike, Fairfield, CT 06828-0001.

2.  Counterclaim Plaintiff GE Infrastructure, Inc. ("Infrastructure") is a Delaware corporation, with an address at 187 Danbury Road, Wilton, CT 06897-4122.

3.  Counterclaim Plaintiff GE Infrastructure Sensing, Inc. ("Sensing") is a Delaware corporation, with an address at The Boston Center, 1100 Technology Park Drive, Billerica, MA 01821-4111.

4.  On information and belief, Counterclaim Defendant Dr. Emilio Meyer is an Italian citizen who resides in Assago, Italy.

5.  This Court has jurisdiction over this Counterclaim under 28 U.S.C. § 1332(a)(2) and 28 U.S.C. §1367.

6. This Court is the proper venue for this Counterclaim pursuant to 28 U.S.C. §1391(d).

7. Counterclaim Plaintiffs have been damaged in an amount over $75,000, by overpayments to Dr. Meyer which on information and belief approximates $1,000,000.

**FACTS**

8. On information and belief, on April 8, 1987, Dr. Meyer entered into a consulting agreement with Panametrics, Inc. (the "Consulting Agreement") (attached as Ex. A to Complaint).

9. According to the Consulting Agreement, Dr. Meyer was to be paid for his consulting work "under agreed conditions between Panametrics and Emilio Meyer."

10. The Consulting Agreement also provided that "Panametrics will in addition pay a royalty or fee for work done by Emilio Meyer on the basis of sales of product or products developed by Emilio Meyer."

11. The Consulting Agreement specified that the royalties to be paid to Dr. Meyer would be on "product or products from work of Emilio Meyer exclusively."

12. Dr. Meyer gave no consideration to Panametrics in exchange for the additional promise of Panametrics to pay royalties.

13. GE acquired Panametrics in 2002.

14. As part of GE's acquisition of Panametrics, Panametrics assigned to GE all rights and obligations stemming from the relationship between Panametrics and GE.

15. Dr. Meyer has been fully paid for his consulting work done for Panametrics and GE through periodic lump-sum payments to Dr. Meyer.

16. From 1987 through 2003, either Panametrics or GE also paid Dr. Meyer royalties based on sales of products at least some of which had been developed, in part, by the work of Dr. Meyer.

17. For each of the products on which Dr. Meyer was collecting these royalties, others working on Panametrics' or GE's behalf contributed to the development of those products.

18. None of the products on which Dr. Meyer has been collecting royalties resulted "exclusively" from Dr. Meyer's work.

19. On information and belief, not all of the products on which Dr. Meyer has been collecting royalties are covered by intellectual property rights held by Dr. Meyer.

## COUNTERCLAIM
### (Overpayment of Royalties)

20. Counterclaim Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 19 above.

21. Dr. Meyer's collection of royalties from Panametrics and GE for products which did not result exclusively from his work unjustly enriched Dr. Meyer, to the detriment of Counterclaim Plaintiffs.

22. Dr. Meyer's collection of royalties from Panametrics and GE for products which were not protected by any intellectual property right unjustly enriched Dr. Meyer, to the detriment of Counterclaim Plaintiffs.

23. The provision in the Consulting Agreement requiring payment of royalties for products not covered by any intellectual property right of Dr. Meyer is unenforceable and/or unlawful per se.

24. The provision in the Consulting Agreement requiring payment of royalties for products beyond the period of protection afforded by any intellectual property right of Dr. Meyer is unenforceable and/or unlawful per se.

25. Because of overpayment of royalties to Dr. Meyer, Counterclaim Plaintiffs have been damaged in excess of $75,000, in an amount that, on information and belief, approximates $1,000,000.

**WHEREFORE**, Counterclaim Plaintiffs request an award:

a) awarding Counterclaim Plaintiffs monetary damages to make GE whole for unnecessary payments to Dr. Meyer since 1987;

b) awarding Counterclaim Plaintiffs' attorneys' fees and costs incurred by GE in bringing this Counterclaim; and

c) such other and further relief as the Court may deem proper.

## JURY DEMAND

Counterclaim Plaintiffs demand a trial by jury on all claims so triable.

June 20, 2005

Respectfully Submitted,
Defendants General Electric Company,
GE Infrastructure, Inc., and
GE Infrastructure Sensing, Inc.,

By their Attorneys,

/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
Kimberly A. Mottley (BBO# 651190)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
Phone: 617-526-9600
Fax:   617-526-9899