Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Ste. A-215
Lafayette, CA 94549
www.gvd-law.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
------------------------------------x

DR. EMILIO MEYER,                                   :

                      Plaintiff,          : Civ. Action No. 1:05-CV-10681 NMG

  - against -                                       :

GENERAL ELECTRIC COMPANY,                            :
GE INFRASTRUCTURE, INC.,
GE INFRASTRUCTURE SENSING, INC.,                     :
GE PANAMETRICS, PANAMETRICS, INC.,
and DOES 1 through 20,                               :

                 Defendants.         :

------------------------------------x

## COUNTER DEFENDANT'S
## ANSWER TO COUNTERCLAIM

Counter Defendant, DR. EMILIO MEYER ("Dr. Meyer"), answers the Counterclaim by Counter Plaintiffs GENERAL ELECTRIC COMPANY ("GE"), GE INFRASTRUCTURE, INC. ("GI"), GE INFRASTRUCTURE SENSING, INC. ("GIS") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Dr. Meyer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One (1) of the Counterclaim, and denies each and every allegation contained in that paragraph, except that Dr. Meyer admits, on information and belief, that Counter Plaintiff GE has an office at 3135 Easton Turnpike, Fairfield, CT 06828-0001.

2.    Dr. Meyer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two (2) of the Counterclaim, and on that basis denies each and every allegation contained in that paragraph.

3.    Dr. Meyer admits the allegations of Paragraph Three (3).

-1-

ANSWER TO COUNTERCLAIM

4. Dr. Meyer admits the allegations of Paragraph Four (4).

5. Dr. Meyer admits the allegations of Paragraph Five (5).

6. Dr. Meyer admits the allegations of Paragraph Six (6).

7. Dr. Meyer denies each and every allegation of Paragraph Seven (7).

## ALLEGED FACTS

8. Dr. Meyer admits that he entered into an agreement with Panametrics, Inc. ("Panametrics") on April 8, 1987 (the "Contract") (attached as Exhibit A to Complaint), but denies each and every remaining allegation of Paragraph Eight (8).

9. Dr. Meyer admits that the Contract provided that he would be paid for his work "under agreed conditions between Panametrics and Emilio Meyer," but denies each and every remaining allegation of Paragraph Nine (9).

10. Dr. Meyer admits that the Contract provided that "Panametrics will in addition pay a royalty or fee for work done by Emilio Meyer on the basis of sales of product or products developed by Emilio Meyer," but denies each and every remaining allegation of Paragraph Ten (10).

11. Dr. Meyer denies each and every allegation in Paragraph Eleven (11).

12. Dr. Meyer denies each and every allegation in Paragraph Twelve (12).

13. Dr. Meyer admits, on information and belief, the allegations of Paragraph Thirteen (13).

14. Dr. Meyer admits that, as part of Counter Plaintiff's acquisition of Panametrics, Panametrics assigned to Counter Plaintiffs all its rights and obligations, but denies the remaining allegations of Paragraph Fourteen (14).

15. Dr. Meyer denies each and every allegation of Paragraph Fifteen (15).

16. Dr. Meyer admits that Panametrics, and later Counter Plaintiffs, paid Dr. Meyer royalties or a fee based on sales of products he developed beginning in 1987, but denies each and every remaining allegation of Paragraph Sixteen (16).

17. Dr. Meyer lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph Seventeen (17), and on that basis denies the allegations in that paragraph.

18. Dr. Meyer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen (18), and on that basis denies the allegations in that paragraph.

19. Dr. Meyer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen (19), and on that basis denies the allegations in that paragraph.

## COUNTERCLAIM
### (Overpayment of Royalties)

20. Dr. Meyer refers to and incorporates by reference each and every paragraph set forth above.

21. Paragraph Twenty One (21) contains an improper, inadmissible conclusion of law to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations contained in Paragraph Twenty One (21).

22. Paragraph Twenty Two (22) contains an improper, inadmissible conclusion of law to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations contained in Paragraph Twenty Two (22).

23. Paragraph Twenty Three (23) contains an improper, inadmissible conclusion of law to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations contained in Paragraph Twenty Three (23).

24. Paragraph Twenty Four (24) contains an improper, inadmissible conclusion of law to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations contained in Paragraph Twenty Four (24).

25. Dr. Meyer denies each and every allegation in Paragraph Twenty Five (25).

 a. Paragraph Twenty Five (25) (a) contains a request for relief to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations in Paragraph Twenty Five (25) (a).

Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Ste. A-215
Lafayette, CA 94549
www.gvd-law.com

   b.  Paragraph Twenty Five (25) (b) contains a request for relief to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations in Paragraph Twenty Five (25) (b).

   c.  Paragraph Twenty Five (25) (c) contains a request for relief to which no response is required; to the extent a response is required, Dr. Meyer denies the allegations in Paragraph Twenty Five (25) (c).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

The Counterclaim fails to state a claim against Dr. Meyer upon which relief can be granted.

### Second Affirmative Defense

### (Statute of Limitations)

Counter Plaintiffs' claims are barred by the Statute of Limitations.

### Third Affirmative Defense

### (Laches)

Counter Plaintiffs' claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

### (Frivolous Claims)

Counter Plaintiffs' claims are frivolous, wholly insubstantial and not advanced in good faith, and Dr. Meyer will be entitled to recovery of his attorney's fees and defense costs.

//
//
//

### Fifth Affirmative Defense

**(Ratification and Acquiescence)**

Counter Plaintiffs' claims are barred by the doctrines of ratification and acquiescence.

### Sixth Affirmative Defense

**(Failure to Show No Adequate Remedy at Law)**

Counter Plaintiffs' claims in equity must fail because Counter Plaintiffs have failed to show that there is no adequate remedy at law for their claims.

### Seventh Affirmative Defense

**(Lack of Injury)**

Counter Plaintiffs are barred from relief because they have not suffered any injury as a result of Dr. Meyer's actions.

### Eighth Affirmative Defense

**(Mitigation of Damages)**

Counter Plaintiffs' claims are barred because they have failed to mitigate damages, if any.

### Ninth Affirmative Defense

**(Course of Dealings)**

Counter Plaintiffs' claims are barred by the course of dealings between Dr. Meyer and both Panametrics and Counter Plaintiffs.

### Tenth Affirmative Defense

**(Estoppel)**

Counter Plaintiffs are estopped and barred from alleging the matters set forth in the Counterclaim.

### Eleventh Affirmative Defense

### (Unclean Hands)

Counter Plaintiffs' claims are barred by the doctrine of unclean hands.

### Twelfth Affirmative Defense

### (Voluntary Payments)

Counter Plaintiffs' claims are barred because the payments made by Panametrics and Counter Plaintiffs to Dr. Meyer were made voluntarily, with full knowledge of the facts, and without fraud, concealment or compulsion on behalf of Dr. Meyer.

### Thirteenth Affirmative Defense

### (Assignment)

Counter Plaintiffs' claims must fail because pursuant to the agreement, Dr. Meyer assigned Panametrics the rights to his inventions.

### Fourteenth Affirmative Defense

### (Waiver)

Counter Plaintiffs have waived their claims, and are therefore estopped and barred from alleging the matters set forth in the Counterclaim.

//
//
//
//
//
//
//
//

### Fifteenth Affirmative Defense

### (Reservation of Other Affirmative Defenses)

Counter Plaintiffs do not describe the claims against Dr. Meyer with sufficient particularity or certainty to enable Dr. Meyer to determine what additional defenses may exist. Dr. Meyer therefore reserves the right to assert all defenses which may be pertinent to or arise from said Counterclaim as the precise nature of such claims and causes of action become known.

COUNTER DEFENDANT DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

DR. EMILIO MEYER
By his attorneys,

27 July 2005
Date

Antonio Valla, CA Bar # 136256
Douglas E. Watts, CA Bar # 182274
Stephanie L. Southwick, CA Bar # 226631
(Admitted Pro Hac Vice)
Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Suite A-215
Lafayette, CA 94549
Tel. 925 962-9009

Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Ste. A-215
Lafayette, CA 94549
www.gvd-law.com

-7-
ANSWER TO COUNTERCLAIM